07-5078-ag (L); 09-0927-ag (Con)
Ke v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of August, two thousand ten.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge*
> JON O. NEWMAN,
> PIERRE N. LEVAL,
> > *Circuit Judges*.

———————————————————

| | |
|---|---|
| SHUN TING KE v. HOLDER,[1] A070 866 801 | 07-5078-ag (L); 09-0927-ag (Con) |

———————————————————

| | |
|---|---|
| GUI HUA ZHANG v. HOLDER, A077 658 067 | 08-0248-ag |

———————————————————

| | |
|---|---|
| **MEI CHEN CHEN v. BCIS,** **A077 977 892** | 08-0371-ag |

———————————————

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder, Jr., is automatically substituted where necessary.

04262010-2-20

_____
_____

**FANG DONG, JIN HUA ZHENG**
**v. HOLDER,**                                                    08-0508-ag
**A073 044 947**
**A029 794 284**

_____

**SEN YE, TENG YI CHEN**
**v. HOLDER,**                                                    08-0704-ag
**A078 217 878**
**A076 498 660**

_____

**ZENG HE WENG v. HOLDER,**                                       08-0705-ag
**A073 560 845**

_____

**ZHI LIN v. HOLDER,**                                            08-4143-ag
**A070 903 711**

_____

**JIAN KONG NI v. HOLDER,**                                       08-4339-ag
**A076 506 544**

_____

**MEIQIAN GAO, aka MEI QIN**
**GAO v. HOLDER,**                                                08-5611-ag
**A078 471 773**

_____

**XIAO CHON HU, YUE ZHEN YE**
**v. HOLDER,**                                                    08-5674-ag
**A072 475 139**
**A072 475 140**

_____

**XIUZHEN LIN, aka ZIU ZHEN**
**LIN, aka XIU ZHEN LIN**
**v. HOLDER,**                                                    09-0024-ag (L),
**A076 111 864**                                                  09-2570-ag (Con)

04262010-2-20

_____
_____

**XIAO LE WANG aka XIOALE**
**WANG v. HOLDER,**                                    09-0652-ag
A073 657 562

_____

**FANG GUO ZENG, XINZHEN**
**ZHENG v. HOLDER,**                                   09-0762-ag
A074 588 464
A097 149 843

_____

**QIU QIN ZOU v. HOLDER,**                             09-0925-ag
A070 893 811

_____

**XIU FENG ZHENG v. HOLDER,**                          09-1066-ag
A078 015 622

_____

**XAI MEI LIU v. HOLDER,**                             09-1134-ag
A077 050 836

_____

**YAN QING TANG v. HOLDER,**                           09-2263-ag
A072 183 173

_____

**JING GUO CHEN, aka JIN GUO**
**CHEN v. HOLDER,**                                    09-2746-ag
A072 094 147

_____

**XIANG QING LIN, aka PETER**
**YI CHIN LIN, aka XIANGQIN**
**LIN v. HOLDER,**                                     09-4611-ag
A077 997 813

_____

UPON DUE CONSIDERATION of these petitions for review of

several Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petitions for review are DENIED.

Each of these petitions challenges a decision of the BIA denying a motion to reopen based on either the movant's failure to demonstrate changed country conditions sufficient to avoid the time and numerical limits applicable to such motions or the movant's failure to demonstrate *prima facie* eligibility for the underlying relief sought. *See* 8 C.F.R. § 1003.2(c). We review the denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).

Petitioners, all natives and citizens of China, filed motions to reopen based on their claim that they fear persecution because they had one or more children in the United States.[2] For largely the same reasons this Court set forth in *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-72 (2d Cir. 2008), we find no error in the BIA's decisions. To the extent that some of the petitioners argue that they were

---

[2]To the extent that Petitioner in 08-0705-ag also challenges the IJ's underlying **decision denying his application for asylum, withholding of removal, and CAT relief, we lack jurisdiction to review those arguments.** See 8 U.S.C. § 1252(b)(1); Ke Zhen Zhao v. U.S. Dep't of Justice, 265 F.3d 83, 93 (2d Cir. 2001).

eligible to file successive asylum applications based solely on their changed personal circumstances, such arguments are foreclosed by our decision in *Yuen Jin v. Mukasey*, 538 F.3d 143, 156, 158-59 (2d Cir. 2008).[3]

For the foregoing reasons, these petitions for review are DENIED.  As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot.  Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

<div style="margin-left:50%">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

</div>

---

[3]Contrary to the arguments asserted by petitioners in Docket Numbers 07-5078-ag(L), 09-0927-ag(Con), 08-0248-ag, 09-0024-ag(L), 09-2570-ag(Con), 09-0652-ag, 09-0762-ag, 09-1066-ag, and 09-4611-ag, we find no error in the BIA's refusal to credit petitioners' unauthenticated evidence in light of the agency's prior adverse credibility determinations. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-47 (2d Cir. 2007).  Further, although petitioners in Docket Numbers 07-5078-ag(L), 09-0927(Con), 09-0024-ag(L), 09-2570-ag(Con), and 09-1066-ag argue that the BIA erred by relying on U.S. Department of State Country Reports that contained mistranslations, that argument is without merit.

04262010-2-20                                                          -5-